IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **CHARLOTTE THOMPSON** | § § § | |
| **VS.** | § § § | CIVIL NO. 6:23-cv-357 |
| | § § | JURY DEMANDED |
| **UNIVERSITY OF TEXAS AT TYLER** | § | |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

### I.    INTRODUCTION

1. Plaintiff, Charlotte Thompson brings this action to enforce her rights under the Americans with Disabilities Act against her former employer the University of Texas at Tyler.

### II.    JURISDICTION AND PARTIES

2. This Court has jurisdiction to hear the merits of Ms. Thompson's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a).

3. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with:

    (a)    a charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

    (b)    A Notification of Right to Sue was received from the EEOC on May 1, 2023.

    (c)    This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

4. Plaintiff, Charlotte Thompson, is a citizen of the United States and the State of Texas who resides in Smith County, Texas.

5. All of the discriminatory employment practices alleged herein were committed within the Eastern District of Texas.

6. Defendant, University of Texas at Tyler ("UT Tyler") is a Texas university located in

Smith County, Texas. It may be served through its General Counsel, Carl Baranowski, 3900 University Blvd., Tyler, Texas 75799.

7.    UT Tyler employs 50 or more employees and is an "employer" within the meaning of 29 USC § 2611(4)(A) of the Family and Medical Leave Act (FMLA).

8.    UT Tyler is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

9.    UT Tyler is engaged in an industry that affects commerce within the meaning of Section 101(7) of the ADA, 42, U.S.C. § 12111(7), and Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

10.   UT Tyler employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

## II.    STATEMENT OF FACTS

11.   Defendant, UT Tyler at Tyler (hereinafter "Defendant" or "UT Tyler") is a state university located in Tyler, Texas.  Plaintiff Thompson was employed with the UT Tyler as an academic advisor from September 15, 2010 until she was terminated on July 14, 2022.

12.   Thompson suffers from kidney disease for which she was hospitalized several times in 2016, 2017 and 2018. UT Tyler was fully aware of Thompson's kidney disease condition due to her hospitalizations.

13.   After her kidney disease related absences, Thompson's job performance seemed to be critiqued frequently.  An example from 2018, Thompson was asked to meet Dr. Haas and Dr. Deal regarding contacting a student though email in a timely manner. Thompson stated she had never received an email from the student. Thompson asked what email the student was using, and it was discovered that the student was not utilizing the staff email address. This was added to her 2018 evaluation even after it was discovered that Thompson was not in violation. Thompson asked

Dr. Haas to correct the accusation, but she would not correct the evaluation.

14. Later on, Dr. Haas met with Thompson to discuss her job performance regarding alleged advising errors in EAB. Dr. Haas stated the errors were possibly due to Thompson's debilitating eye disease. Thompson felt very uncomfortable when Dr. Haas started discussing her debilitating eye disease which she had never disclosed to Dr. Haas.

15. In 2019, Thompson was placed on dialysis due to stage 5 kidney failure. The available treatment days were Tuesday, Thursday, and Saturday. Thompson requested and received the accommodation of a revised work schedule to accommodate her dialysis schedule. Thompson completed numerous zoom appointments and answered emails while at her kidney dialysis treatments. Thompson's workday began at 7 a.m. on her kidney dialysis days.  Thompson would then arrive on campus by 11:00 a.m. and end her workday at 6:00 p.m.  On Mondays, Wednesdays and Fridays Thompson worked from 7:00 a.m. until 5:00 p.m. This schedule was not challenged by the administration for over two years.

16. In May 2021, Thompson was asked to come to Dr. Jeni Chilton's office. She stated that Thompson was not "in trouble." She stated that the administration would no longer allow Thompson to work the modified work schedule which accommodated her dialysis treatment schedule. As a result, Thompson changed her treatment days to Mondays, Wednesdays and Fridays. This change allowed Thompson to start her dialysis treatments earlier in the day. The earlier treatment time allowed her to arrive on campus by 10 a.m. This change was also not acceptable to the administration.

17. In June 2021, Thompson requested ADA accommodations in order to successfully perform her duties. For one year this request was stalled by the UT Tyler administration. Thompson participated in several conference calls on or about July 1, 2021, August 10, 2021, and August 31, 2021 regarding her requested accommodation. Each conference ended with the belief

that she would be granted the requested accommodation. After the conference calls, neither HR nor the administration contacted Thompson regarding the requested accommodation.

18. During the one-year delay period, Thompson was called to the supervisor's office several times for student complaints. Upon requesting information regarding the student complaints, the administration would sometimes provide a student's name and other times they would ignore Thompson's request for information to address the concern.

19. Thereafter, Thompson was placed on the organ transplant list Fort Worth Medical City Hospital. Thompson informed the administration that she was on the transplant list in Fort Worth and could receive a call at any time. Thompson received her first transplant call in June 2022.

20. On July 13, 2022, Thompson was called to the dean's conference room and told that students had complained, and that she was to be terminated. Thompson was told that she could leave the campus and attempt to refute the accusations on the following day.  Thompson was immediately denied access to the computer system by the administration. The administration was aware that with no access to computer data these accusations could not be refuted. Thompson believes and therefore alleges that the student complaints lodged against her were no more significant than any of her colleagues. Thompson believes and therefore alleges that her job performance was judged more harshly because of her kidney disease and the accommodations she requested for her kidney disease.

### III.   CLAIMS FOR RELIEF

#### (A) AMERICANS WITH DISABILITIES ACT

21. The allegations contained in Paragraphs 1 through 20 are hereby incorporated by reference.

22. As a result of her medical conditions described herein, Thompson has been an

individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2). More particularly, Thompson has impairments that substantially limits one or more of her major life activities, has a record of such an impairment, and/or was regarded by UT Tyler as having such an impairment.

23. Thompson is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8). More specifically, Thompson is an individual with a disability who, with reasonable accommodation, can perform the essential functions of her job for UT Tyler.

24. The effect of these unlawful practices has been to deprive Thompson of equal employment opportunities, and to otherwise adversely affect her employment status as an individual with a disability or an individual who was regarded as having a disability.

25. Based upon the stated allegations, Thompson asserts two claims under the ADA: (1) failure to make reasonable accommodation to Thompson's disabilities, which constitutes discrimination against Thompson with respect to terms, conditions, or privileges of employment in violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A). In connection with Thompson's accommodation claim, UT Tyler failed to undertake any good faith efforts, in consultation with Thompson, to identify and make a reasonable accommodation with Thompson; and (2) Terminating Thompson because it regarded her as being disabled.

26. Thompson alleges that UT Tyler regarded her as being disabled when it made the decision to terminate her employment. Thompson also alleges that UT Tyler violated the ADA when it failed to accommodate her actual disability.

## IV.   ACTUAL DAMAGES

27. As a direct and proximate result of UT Tyler's violation of the ADA, Thompson has suffered economic damages in the form of lost wages and benefits and lost employment opportunities.

28. As a direct and proximate cause of UT Tyler's violations of the ADA, Thompson has suffered mental anguish, loss of enjoyment of life, and other non-pecuniary losses which entitle her to be entitled to recover compensatory damages.

29. The unlawful employment practices complained of above were willful within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

## V. PUNITIVE DAMAGES

30. The conduct committed by UT Tyler against Thompson is the type of conduct demonstrating malice or reckless indifference to the rights of Thompson. Therefore, Plaintiff Thompson brings suit for punitive damages.

## VI. ATTORNEYS' FEES AND EXPERT FEES

31. A prevailing party may recover reasonable attorneys' and experts' fees. SEE 42 U.S.C. §2000e-5(k). Thompson seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals.

## VII. JURY DEMAND

32. Thompson demands trial by jury.

## VIII. RELIEF REQUESTED

33. Plaintiff Thompson requests the judgment of this Court against Defendant, UT Tyler, as follows:

(a) Find and hold that Thompson has suffered from Defendant's acts of discrimination on the basis of her actual or perceived disability;

(b) Order that Plaintiff be awarded the back pay she would have earned, with related monetary benefits and interest thereon, had she been reinstated to her position;

(c) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

(d) Award Plaintiff attorney fees and expert fees, including litigation expenses, and the

  cost of this action; and

(e) Grant such other and further relief as may be just and proper.

              Respectfully submitted,

              /s/ *William S. Hommel, Jr.*
              William S. Hommel, Jr.
              State Bar No. 09934250
              bhommel@hommelfirm.com
              HOMMEL LAW FIRM PC
              5620 Old Bullard Road, Suite 115
              Tyler, Texas 75703
              (903) 596-7100 Phone/Fax

              ATTORNEY FOR PLAINTIFF