IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHARLOTTE THOMPSON<br>    *Plaintiff*, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 6:23-CV-357 |
| | § | |
| THE UNIVERSITY OF TEXAS AT TYLER<br>    *Defendant.* | §<br>§<br>§<br>§<br>§ | |

**DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE U.S. DISTRICT JUDGE J. CAMPBELL BARKER:

Defendant The University of Texas at Tyler ("UTT") files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court should dismiss Plaintiff's claims against UTT under Title I of the Americans with Disabilities Act ("ADA") because they are barred by sovereign immunity.

**I.
BACKGROUND**

Plaintiff Charlotte Thompson ("Plaintiff") is a former UTT academic advisor who was dismissed from her position after numerous student complaints. Doc. 1 ¶ 11. Despite acknowledging the existence of the complaints in her factual allegations, Plaintiff alleges that she was dismissed because of a disability. *Id.* ¶ 20. Specifically, Plaintiff alleges that UTT discriminated against her by terminating her on account of her disability and that UTT failed to reasonably accommodate her disability. Because sovereign immunity bars both of these Title I ADA claims, UTT files this motion to dismiss Plaintiff's claims for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).

1

## II.
## STANDARD OF REVIEW

A complaint must be dismissed if the court lacks subject matter jurisdiction over the plaintiff's claims. Fed. R. Civ. P. 12(b)(1). A plaintiff has the burden to establish subject matter jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Sovereign immunity (as recognized by the Eleventh Amendment) deprives a court of jurisdiction and is thus properly raised in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 197 (5th Cir. 2015) (per curiam).

Under Rule 12(b)(1), a defendant may challenge a court's subject matter jurisdiction through a "facial attack" or a "factual attack." *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Where, as here, a defendant challenges subject matter jurisdiction on the face of a complaint, the district court presumes the plaintiff's factual allegations to be true and determines whether those allegations are legally sufficient to establish jurisdiction. *See id.* Even if Plaintiff's factual allegations are assumed to be true (which UTT does not admit), UTT is immune from Plaintiff's claims against it as a matter of law.

## III.
## ARGUMENT AND AUTHORITIES

As recognized by the Eleventh Amendment, a state's sovereign immunity generally bars suit against a state and its agencies in federal court. *See, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). UTT is indisputably an arm of the State of Texas, as a component

institution of the University of Texas System. *See* Tex. Educ. Code § 76.01 ("The University of Texas at Tyler is a coeducational institution of higher education within The University of Texas System. It is under the management and control of the board of regents of The University of Texas System.") *id.* § 61.003(3) (defining "general academic teaching institution" to include, among others, the "University of Texas at Tyler"). As such, UTT enjoys the same sovereign immunity as the State of Texas itself. *See, e.g.*, *Daniel v. Univ. of Tex. Sw. Med. Ctr.*, 960 F.3d 253, 260 (5th Cir. 2020) (as "an instrumentality of the State of Texas," The University of Texas Southwestern Medical Center is entitled to the state's sovereign immunity); *Bullock v. Univ. of Tex. at Arlington*, No. 4:21-CV-0864-P, 2021 WL 5866644, at *3 (N.D. Tex. Dec. 10, 2021) ("'[A]s a public university,' [The University of Texas at Arlington] is entitled to sovereign immunity.") (citing *Duncan v. Univ. of Tex. Health Sci. Ctr. at Hous.*, 469 F. App'x 364, 366 (5th Cir. 2012)).

To overcome UTT's sovereign immunity, Plaintiff must show that "the state has waived sovereign immunity or Congress has expressly abrogated it." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Plaintiff cannot do so here. It is well-established that Congress did not abrogate sovereign immunity for claims under Title I of the ADA, nor has the State of Texas waived its sovereign immunity against such claims. *See, e.g.*, *Sullivan v. Tex. A&M Univ. Sys.*, 986 F.3d 593, 595–99 (5th Cir. 2021); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002); *Sanders v. Tex. A&M Univ. Texarkana*, No. 5:21CV93-RWS-JBB, 2022 WL 4594218, at *4–5 (E.D. Tex. Aug. 23, 2022), report and recommendation adopted, No. 5:21-CV-00093-RWS, 2022 WL 4594240 (E.D. Tex. Sept. 29, 2022).

Plaintiff asserts two claims under Title I of the ADA, alleging that UTT failed to provide her with reasonable accommodations and that UTT terminated her "because it regarded her as being disabled." Doc. 1 ¶ 25. Plaintiff invokes 42 U.S.C. § 12112(b)(5)(A) for her

3

failure-to-accommodate claim. Presumably, she intended to invoke 42 U.S.C. § 12112(b)(5)(B) or § 12112(a) for her other disability discrimination claim. Regardless, both of Plaintiff's claims fall under Title I of the ADA and are therefore barred by UTT's sovereign immunity. Accordingly, this Court should dismiss Plaintiff's claims for lack of subject matter jurisdiction.

## IV.
## CONCLUSION

For all the foregoing reasons, Defendant The University of Texas at Tyler respectfully requests this Court to dismiss all of Plaintiff's claims and to grant UTT such further relief to which it may be entitled.

Respectfully submitted,

ANGELA COLMENERO
Provisional Attorney General

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

JAMES LLOYD
Interim Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Deputy Chief, General Litigation Division
RYAN KERCHER
Deputy Chief, General Litigation Division

/s/ *Jameson C. Joyce*
JAMESON C. JOYCE
Lead Attorney
Texas Bar No. 24110070
Assistant Attorney General
Office of the Attorney General
General Litigation Division
209 W. 14th St., 6th Floor
Austin, Texas 78701

        Jameson.Joyce@oag.texas.gov
        Telephone: (512) 475-4088
        Facsimile: (512) 477-2348

        *ATTORNEYS FOR THE UNIVERSITY OF TEXAS AT TYLER*

## CERTIFICATE OF SERVICE

I certify that on **August 10, 2023**, a copy of the above *Defendant's Motion to Dismiss* was electronically filed using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

William S. Hommel, Jr.
HOMMEL LAW FIRM PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
Tel./Fax (903) 596-7100
Email: bhommel@hommelfirm.com

**COUNSEL FOR PLAINTIFF**

        <u>/s/ Jameson C. Joyce</u>
        **JAMESON C. JOYCE**
        Assistant Attorney General